Mario Iskander, Esq. (SBN 327025)
JUSTICE LAW GROUP
304 ½ Main Street
Newport Beach, CA 92660
Phone: (240) 439-1970
Email Address: mario@iskanderlaw.com

Attorney for Plaintiff
JASON K.C. WANG

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON K.C. WANG,<br><br>           Plaintiff,<br>      vs.<br><br>WENDY LIN, AN INDIVIDUAL, AND DOING BUSINESS AS VUA KHO BO, INC., A TERMINATED CORPORATE ENTITY IN CALIFORNIA; AND DOES 1 THROUGH 25, INCLUSIVE,<br><br>           Defendants. | ) CASE NO.<br>)<br>)<br>) **COMPLAINT FOR DAMAGES FOR**<br>) **1. VIOLATION OF 28 U.S.C. §1875;**<br>) **2. WRONGFUL TERMINATION IN**<br>) **VIOLATION OF PUBLIC POLICY;**<br>) **3. VIOLATION OF CAL. LABOR**<br>) **CODE §§1102.5 and 1102.6;**<br>) **4. WHISTLEBLOWER**<br>) **RETALIATION; and**<br>) **5. WORK PLACE HARASSMENT**<br>)<br>)<br>)<br>)<br>)<br>) |

COMES NOW Plaintiff, JASON K.C. WANG and alleges as follows:

## PARTIES

1.   Plaintiff was and is at all times mentioned herein, an individual residing in the County of Los Angeles, State of California.

2.   Plaintiff alleges that at all times mentioned herein, Defendant WENDY LIN ("LIN") was and is an individual residing in the County of Los Angeles and a

citizen of the State of California. Plaintiff further alleges that at all times mentioned herein, LIN was and is the sole owner of VUA KHO BO.

2. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein Defendant VUA KHO BO, INC., (hereinafter "VKB") was and is a terminated corporation and a business entity formed under the laws of the State of California.

3. Plaintiff does not know the identity of defendants designated herein as DOES 1 to 25, inclusive but is informed and believes and based thereon alleges that each of the Defendants designated as DOES 1 through 25, inclusive, are in some way responsible for the injuries and damages sustained by Plaintiff. This set of Defendants are unknown to Plaintiff who therefore sues said Defendants by such fictitious names and will amend this Complaint to show the true names and capacities, whether corporate, individual, partnership, association or otherwise.

4. Plaintiff is informed and believes and thereon alleges that each of the named and fictitious defendants identified in this Complaint was the agent, partner, co-joint venturer, associate and/or employee of one or more of the other defendants and was acting in the course and scope of such agency, partnership, joint venture, association and/or employment when the acts giving rise to the causes of action occurred.

## ALTER EGO ALLEGATIONS

5. At all relevant times, as alleged more fully herein, each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Defendant's acts alleged herein was done with the permission and consent of each of the other Defendants.

6. At all times relevant hereto, Defendant VKB was the alter ego of

Defendant LIN, and there exists, and at all times herein the liabilities in another; used the corporate entity to conceal her ownership, management and financial interests and/or personal business activities; and/or used the corporate entity to shield against personal obligations, and in particular the obligations as alleged in this Complaint.

7. At all times relevant thereto, VKB was not only influenced and governed by Defendant LIN, but there was such a unity of interest and ownership that the individuality, or separateness, of LIN and VKB has ceased, and that the facts are such that an adherence to the fiction of the separate existence of these entities would, under the particular circumstances, sanction a fraud or promote injustice.

8. Plaintiff is informed and believes that at all relevant times mentioned herein, the acts of the business entities involved were performed by an employee, agent, officer, servant and/or representative of LIN or VKB.

9. Plaintiff is informed and believes that at all times mentioned herein, LIN controlled the business and affairs of VKB, including any and all of its affiliates; commingled the funds and assets of the corporate entities, and diverted corporate funds and assets for her own personal use; disregarded legal formalities and failed to maintain arm's length relationships among the corporate entities; inadequately capitalized VKB; used the corporate entity as a mere shell, instrumentality or conduit for herself and/or her individual businesses; manipulated the assets and liabilities of the corporate entity so as to concentrate the assets in one; used the corporate entity to conceal its ownership, management and financial interests and/or personal business activities; and/or used the corporate entity to shield against personal obligations, and in particular the obligations as alleged in this Complaint.

///
///
///

## VENUE AND JURISDICTION

10. Venue and jurisdiction are proper in this Court based upon the application of 28 U.S.C. § 1875. As such, this complaint is brought as an original jurisdiction case in this Court.

## GENERAL FACTS COMMON TO EACH CLAIM

11. Plaintiff alleges that on or about August of 2022, Plaintiff was hired as an exempt employee by LIN to act as the general manager for VKB to oversee the entire operations of VKB, inclusive of assessing the systems in place for VKB and to maximize and implement systems and procedures in order to make the business more efficient. Plaintiff further alleges that Plaintiff agreed to receive a total annual salary of $69,919.92, of which a portion was paid in cash by Defendants.

12. Plaintiff alleges that as part of his job description, he was responsible for overseeing the various branch stores owned and operated by VKB.

13. Plaintiff alleges that on or about February 7, 2023, Plaintiff informed one of the employees who was responsible for one of the branch stores that the employee and those working under him had to comply with the taxation requirements of both the State of California and the federal government.

14. Throughout Plaintiff's employment, he noted and reported or was the subject matter of the following events to Defendant LIN:

a. March 23, 2023 - Missing inventory reported at the San Gabriel Branch 1635 S. San Gabriel Blvd., San Gabriel CA 91776. Grace Yang Store Manager refused to acknowledge the inventory shortage.

b. March 24, 2023 - Plaintiff installed a surveillance camera at 9200 Bolsa Avenue #113A, Westminster CA 92683 for the purpose of protecting VKB from Liability.

c. Branch Manager Edward Zhang verbally threatened Plaintiff not to return to 9200 Bolsa Avenue #113A, Westminster CA 92683 store.

    d.    July 6, 2023 - Discrepancies in the inventory and cash at 9200 Bolsa Avenue #113A, Westminster CA 9268. Plaintiff investigated and was threatened by Edward Zhang, Kim Le, and Ade. A physical confrontation occurred, and police were called to escort Edward Zhang out of the facility.

    e.    July 18, 2023 – Employee Kim Le sent a certified letter to LIN and Plaintiff regarding confidential settlement communication concerning wrongful termination.

    f.    August 1, 2023 - Plaintiff retained Suzanne Fu of Lexint Law to handle the wrongful termination case initiated by Kim Le.

    g.    August 16, 2023 - LIN blamed Plaintiff for Edward Zhang's dismissal, calling him an incompetent General Manager. LIN did not want Plaintiff involved in HR matters.

    h.    September 5, 2023 – Another employee named Jack Liu monitors surveillance cameras from New Zealand to stalk employees and eavesdrop on conversations ,violating U.S. laws.  Jack Liu had made many verbal abuses to many VKB workers and Vitativ International workers.

    i.    October 10, 2023 - LIN acknowledged the fact that Kim Le had been stealing from the 9200 Bolsa Avenue #113A, Westminster CA 92683 store and pleaded with Plaintiff to allow Kim Le to return. Plaintiff rejected this, stating that the company could not have Kim Le return.

    j.    October 23, 2023 - Plaintiff reiterated and explained to LIN the importance of a POS system for inventory and timecard transparency to address theft issues.

    k.     Plaintiff was battered and assaulted by Edward Zhang and Li Bing at 1421 E Valley Blvd around 6 p.m.

    l.    February 22, 2024 - Plaintiff filed a police report with Officer Chen of the Alhambra Police Department regarding the battery incident.

m. February 22, 2024 - LIN wanted to falsify company documents, which Plaintiff rejected. LIN became angry and accused Plaintiff of incompetence.

n. February 26, 2024 - Plaintiff informed LIN about the battery incident. LIN insisted that Plaintiff had initiated the confrontation, despite the police report.

///

o. April 10, 2024 - Temple City issues a citation for violation of lack of Health Permit, Business License and Seller Permit for VKB's store in Temple City. Plaintiff Informed LIN of the situation.

p. April 11, 2024 – The Temple City location continued to operate without proper licensing.

q. April 15, 2024 - LIN finally cleared the violation by removing inventory at the store.

r. April 16, 2024 - LIN represents to the General Manager of GW supermarket that Plaintiff is crazy and is unfit to be General Manager.

s. May 7, 2024 – LIN employs unlicensed construction workers at the Fountain Valley branch market, prompting the lessor to consider terminating the contract.

t. May 8, 2024 - Dispute arose regarding unapproved changes to construction work at the Fountain Valley location.

u. May 14, 2024 - The Wage Department (Cindy Pena) investigated non-compliance issues at 1235 E Valley Blvd #103 and 1421 E Valley Blvd, Alhambra, CA.

v. May 15, 2024 - The Wage Department continued its investigation into LIN for wage non-compliance and lack of documentation.

W. May 15, 2024 - LIN asked employees to sign documents claiming they were responsible for filing their own taxes and that LIN is not responsible for the employee's W-2s.

  x. June 13, 2024 - Issues with a new facility in Fountain Valley arose due to LIN's use of unlicensed contractors, leading to non-compliance issues.

15. Plaintiff alleges that on or about June 6, 2024, Plaintiff was impaneled as a federal juror for a federal grand jury. Plaintiff informed LIN of this matter and informed LIN that Plaintiff would be required to attend all hearings set by the federal court without excuse or delay.

16. Plaintiff alleges that from and after Plaintiff's selection as a federal grand juror, the following events took place:

  a. July 24, 2024 - Plaintiff explained the company's need to comply with corporate business standards.

  b. August 6, 2024 - Plaintiff attempted to convince LIN to rectify tax compliance issues within the company.

  c. August 12, 2024 - Plaintiff met with Cathern Ho (LIN's Daughter) to discuss the importance of a management information system. Came to an agreement in implement POS system with MenuSifu.

  d. August 22, 2024 - Plaintiff informed LIN that the company was not in compliance with tax and business regulations. LIN proposed having employees file 1099 forms, which Plaintiff explained was not legal for W-2 employees.

  e. September 1, 2024 - LIN installed surveillance cameras at 581 Yorbita Road, La Puente, CA.

  f. September 6, 2024 - LIN demoted Plaintiff from the position of General Manager and hired Edward Zhang, Reta Dong, and Kevin Chen for the HR department. LIN also reduced Plaintiff's salary by $20,000.

  g. September 9, 2024 - LIN tried to justify Plaintiff's demotion by stating that Plaintiff lacked managerial experience.

  h. September 17, 2024 - LIN called Plaintiff regarding unpaid invoices and left a message on his voicemail. A worker at Fresh Delicious in HK2 18414

1  Colima Road, Rowland Heights CA 91748 made slanderous statements to LIN,
2  claiming that Plaintiff would pursue legal action against LIN for money.
3      i.    September 23, 2024 – LIN proposed changing Plaintiff's salary from
4  fixed to hourly, but Plaintiff did not accept the offer
5      j.    October 3, 2024 - LIN made insulting comments directed at Plaintiff
6  claiming that he was useless and could not do anything. However, many issues, such
7  as the roof leakage at HK2 Supermarket, the problems at Vitativ, and the plumbing
8  issues at Big Bear, existed prior to Plaintiff's hiring.
9      k.    October 11, 2024 – An employee used surveillance cameras to
10 eavesdrop on Plaintiff's conversations at work, violating California Penal Code
11 Section 632.
12     l.    October 15, 2024 – Plaintiff reminded LIN of ongoing issues with VKB
13 such as IRS taxes, Health Department, and the Labor Department, and overdue trash
14 bills in Cupertino for 3 months which LIN refused to pay.
15     m.    October 24, 2024 - LIN spoke with Rachel Costly (Workers Comp
16 adjuster Claim No.: 7008107335-1) around 2 p.m. about an employee. LIN denied
17 that the subject employee was employed by VKB, stating it was because the
18 employee was undocumented in the U.S. After the conversation, LIN was upset with
19 Plaintiff for previously informing Rachel about the quarrel between the subject
20 employee and her supervisor.
21     n.    February, 2025 – With respect to Vitativ International, LIN lost a
22 Sexual Harassment Case in court.
23     o.    March 27, 2025 - LIN blames Plaintiff for being a witness in the
24 Sexual Harassment civil case and claims that Plaintiff was the cause for LIN losing
25 the case.
26     p.    LIN continually complains to Plaintiff about his grand jury duties and
27 absence from work and threatens to fire Plaintiff.
28     q.    April 3, 2025 - Defendants fire Plaintiff.

r. May 2, 2025 - Final meeting with LIN and the Labor department.

15. Plaintiff alleges that at the time of the termination of his employment by Defendants, Plaintiff had not been paid his full salary.

## FIRST COUNT – VIOLATION OF 28 U.S.C. §1875
## (AGAINST ALL DEFENDANTS)

16. Plaintiff refers to paragraphs 1 through 15, inclusive, of this Complaint and by such reference incorporates those paragraphs herein as though set forth in full.

17. Plaintiff alleges that 28 U.S.C. §1875 states the following in relevant part:

> *(a) No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States.*
>
> *(b) Any employer who violates the provisions of this section—*
>
> *(1) shall be liable for damages for any loss of wages or other benefits suffered by an employee by reason of such violation;*
>
> *(2) may be enjoined from further violations of this section and ordered to provide other appropriate relief, including but not limited to the reinstatement of any employee discharged by reason of his jury service; and*
>
> *(3) shall be subject to a civil penalty of not more than $5,000 for each violation as to each employee, and may be ordered to perform community service.*

18. Plaintiff alleges that the federal Jury System Improvement Act of 1978 (28 USC 1875) prohibits employers from discharging or taking any other adverse employment action (threatening to discharge, intimidating, etc.) against permanent employees because they perform jury duty in federal court. Employers that violate

the Act may be sued for back pay, reinstatement, and attorneys' fees, and may also be fined.

19. Plaintiff alleges that on or about June 6, 2024, Plaintiff was impaneled as a federal juror for a federal grand jury. Plaintiff informed LIN of this matter and informed LIN that Plaintiff would be required to attend all hearings set by the federal court without excuse or delay.

20. Plaintiff alleges that from and after June 6, 2024, Defendants engaged in a concerted effort to force Plaintiff out of his employment as a result of Plaintiff's federal grand jury assignment. These efforts by Defendants included all the items specified in paragraph 16 of the Complaint, as well as LIN's constant complaints and statements to Plaintiff that he would lose his job if he were to continue his grand jury assignment.

21. Plaintiff alleges that Plaintiff complained to the US District Court about Defendants' actions and threatened actions at which point the Court on its own motion appointed this law firm to represent Plaintiff in an attempt to resolve Defendants' violation of 28 USC §1875.

22. Plaintiff alleges that after three attempts to resolve the issue with Defendants, Defendants ignored all such attempts and on or about September 6, 2024, Plaintiff was demoted and then in or about April 3, 2025, fired from his employment by Defendants.

23. Plaintiff alleges that as a result of Defendants' violation of 28 U.S.C. §1875, Plaintiff has suffered compensatory damages in sums according to proof at trial; and is also entitled to attorney's fees in a sum according to proof at trial in addition to the imposition of civil penalties and injunctive relief as provided by the subject statute.

///

///

///

# SECOND COUNT – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## (AGAINST ALL DEFENDANTS)

24. Plaintiff refers to paragraphs 1 through 23, inclusive, of this Complaint and by such reference incorporates those paragraphs herein as though set forth in full.

25. Plaintiff alleges that as set forth above in paragraphs 14 and 16, Plaintiff complained of many issues with the way VKB was being operated and managed, especially since Plaintiff was hired as a general manager to oversee and implement improvements to VKB and to bring VKB into compliance with State and Federal laws. Furthermore, Plaintiff could not divest himself of his assignment as a federal juror.

26. Plaintiff alleges that Defendants' response to Plaintiff's complaints and suggestions were met with anger, ridicule, and harassment culminating in Plaintiff's demotion and employment termination.

27. Plaintiff alleges that as a result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered and continues to suffer from emotional distress, anxiety, and humiliation all to Plaintiff's general damages in a sum according to proof at trial.

28. Plaintiff alleges that as a direct and proximate result of defendants' wrongful conduct as alleged herein, Plaintiff has suffered and continues to suffer loss of wages and benefits according to proof at the time of trial.

29. Plaintiff alleges that the conduct of defendants as alleged herein was undertaken with an intent to hurt and damage Plaintiff, and such actions were undertaken with malice, oppression, fraud, and were so egregious as to be despicable. Plaintiff further alleges that such conduct was ratified and authorized by LIN as the owner of VKB.

30. Plaintiff alleges that as a result of Defendants' conduct as alleged in paragraph 29, punitive damages in a sum according to proof at trial should be imposed against defendants.

## THIRD COUNT – VIOLATION OF CAL. LABOR CODE §§1102.5 AND 1102.6
### (AGAINST ALL DEFENDANTS)

31. Plaintiff refers to paragraphs 1 through 29, inclusive, of this Complaint and by such reference incorporates those paragraphs herein as though set forth in full.

32. Plaintiff alleges that California Labor Code § 1102.5 prohibits employers from retaliating against employees who engage in protected "whistleblowing" activities when the employee has reasonable cause to believe that the information discloses a violation of state or federal statute. In addition, Labor Code § 1102.5 subd. (b) forbids retaliation if the employee disclosed, or the employer believes he/she disclosed "to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance."

33. Plaintiff alleges that as specified in paragraphs 14 and 16, and while engaged in protective activity, Plaintiff complained to LIN about the manner in which VKB was violating federal and state tax laws and failing to retain licensed contractors for some of its locations, as well as not following health and safety regulations for some of the branch locations of defendants' business. Plaintiff further alleges that Plaintiff complained to the US District Court about defendants' actions against him as a result of carrying out his duties as a federal grand juror.

34. Plaintiff alleges that Plaintiff made most of these complaints to LIN and instead of engaging in corrective action, LIN instead engaged in a concerted campaign to get rid of Plaintiff as LIN found Plaintiff to be a nuisance due to his ethical and by-the-book approach to his position as the general manager of VKB.

35. Plaintiff alleges that he suffered an adverse employment action when he was demoted and his salary considerably reduced.

36. Plaintiff alleges that Plaintiff suffered an adverse employment action when he was terminated on April 3, 2025.

37. Plaintiff alleges that there is a causal link between Plaintiff's termination and his protected activity.

38. Plaintiff alleges that as a proximate result of Defendants' conduct and pursuant to Labor Code §1102.5(f), Defendants are liable to Plaintiff for a civil penalty not to exceed ten thousand dollars ($10,000.00).

39. Plaintiff alleges that as a further proximate result of Defendants' conduct, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

40. Plaintiff alleges that as a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress. Plaintiff is informed and believes and thereon alleges that he will continue to experience said pain and mental and emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

41. Plaintiff alleges that as a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover such

attorneys' fees and costs under Labor Code § 1102.5(j) and/or any other provision of law providing for attorneys' fees and costs.

42. Plaintiff alleges that the acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants.

## FOURTH COUNT – WHISTLEBLOWER RETALIATION
## (AGAINST ALL DEFENDANTS)

43. Plaintiff refers to paragraphs 1 through 42, inclusive, of this Complaint and by such reference incorporates those paragraphs herein as though set forth in full.

44. Plaintiff alleges that Labor Code §98.6 prohibits an employer from discriminating or retaliating against an employee for filing a complaint or disclosing information about a safety violation or making a complaint regarding any violation of the California Labor Code.

45. Plaintiff alleges that as specifically outlines in paragraphs 14 and 16 of this Complaint, Plaintiff engaged in protected activity by submitting a complaint regarding Defendants' wage and hour violations as well as violation of 28 U.S.C. § 1875.

46. Plaintiff alleges that he suffered an adverse employment action when he was demoted and his salary considerably reduced.

47. Plaintiff alleges that Plaintiff suffered an adverse employment action when he was terminated on April 3, 2025.

48. Plaintiff alleges that there is a causal link between Plaintiff's termination and his protected activity.

49. Plaintiff alleges that as a further proximate result of Defendants' conduct, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

50. Plaintiff alleges that as a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress. Plaintiff is informed and believes and thereon alleges that he will continue to experience said pain and mental and emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

51. Plaintiff alleges that as a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover such attorneys' fees and costs under Labor Code § 1102.5(j) and/or any other provision of law providing for attorneys' fees and costs.

52. Plaintiff alleges that the acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants.

///

///

## FIFTH COUNT – WORKPLACE HARASSMENT
### (AGAINST ALL DEFENDANTS)

53. Plaintiff refers to paragraphs 1 through 52, inclusive, of this Complaint and by such reference incorporates those paragraphs herein as though set forth in full.

54. Plaintiff alleges that as specifically outlines in paragraphs 14 and 16 of this Complaint, Plaintiff engaged in protected activity by submitting a complaint regarding Defendants' wage and hour violations as well as violation of 28 U.S.C. § 1875.

55. Plaintiff alleges that while engaged in protected activity, Plaintiff was subjected to harassment, slurs, and insults from LIN and other employees, and at one point was physically assaulted by another employee which LIN completely ignored while blaming Plaintiff for the altercation.

56. Plaintiff alleges that he suffered an adverse employment action when he was demoted and his salary considerably reduced.

57. Plaintiff alleges that Plaintiff suffered an adverse employment action when he was terminated on April 3, 2025.

58. Plaintiff alleges that there is a causal link between Plaintiff's termination and his protected activity.

59. Plaintiff alleges that as a further proximate result of Defendants' conduct, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

60. Plaintiff alleges that as a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress. Plaintiff is informed and believes and thereon alleges that he will continue to experience said pain and mental and emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

61. Plaintiff alleges that as a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover such attorneys' fees and costs under Labor Code § 1102.5(j) and/or any other provision of law providing for attorneys' fees and costs.

62. Plaintiff alleges that the acts taken toward Plaintiff were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For all actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, together with prejudgment interest, according to proof;
2. For compensatory and general damages in an amount according to proof;
3. For injunctive and declaratory relief;
4. For penalties pursuant to Labor Code Section 1102.5;
5. For penalties pursuant to Labor Code Section 98.6;

6. For punitive and exemplary damages in a sum according to proof at trial as to the Second through Fifth Counts;

7. For Attorney's fees;

8. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

9. For an order enjoining Defendants from wasting and hiding their assets;

10. Costs of suit; and

11. For such other and further relief as the Court may deem just and proper.

Date: May 14, 2025  **JUSTICE LAW GROUP**

By:*/s/ Cody J. Shaver*_____
    Mario Iskander, Esq.
    Attorney for Plaintiff
    JASON K.C. WANG

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Date: May 14, 2025  **JUSTICE LAW GROUP**

By:*/s/ Cody J. Shaver*_____
    Mario Iskander, Esq.
    Attorney for Plaintiff
    JASON K.C. WANG